IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| FEDOR SIMANOV, | CIVIL CASE NO. 19-00143 |
| Plaintiff, | **ORDER** |
| vs. | 1. Granting Motion to Dismiss Complaint (ECF No. 12), |
| KAMALEN KARIDAT, | 2. Denying Motion to Strike but Granting Motion to Dismiss Amended Complaint (ECF No. 25); |
| Defendant. | 3. Denying Plaintiff's Motions (ECF Nos. 20-22 and 31) |

There are several motions pending in this action.[1] Having reviewed the record, the court finds that oral argument is unnecessary and, accordingly, this Order is issued with regard to Defendant's Motion to Dismiss Complaint and Motion to Strike and Dismiss Amended Complaint, *see* ECF Nos. 12 and 25, and the various motions filed by the Plaintiff.

## BACKGROUND

On October 21, 2019, Plaintiff initiated the instant action. *See* Compl., ECF No. 1. Plaintiff, who is proceeding *pro se*, filed his Complaint on a "Pro Se 7 Complaint for Employment Discrimination" form. *Id.* With regard to the Part II of the Complaint that sets forth the basis for jurisdiction, Plaintiff selected the boxes labeled "Title VII of the Civil Rights Act of 1964 as

---

[1] These motions are:
- Defendant's Motion to Dismiss Complaint, ECF No. 12;
- Plaintiff's Motion on Re-Calling the Representatives of the Defendant, ECF No. 20;
- Plaintiff's Motion on Setting a Trial Date, ECF No. 21;
- Plaintiff's Motion Regarding Jurisdictional Grounds, ECF No. 22;
- Defendant's Motion to Strike and Dismiss Plaintiff's Purported Amended Complaint (the "Motion to Strike and Dismiss Amended Complaint"), ECF No. 25; and
- Plaintiff's Motion to Strike Defendant's [Reply], ECF No. 31.

codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color gender, religion, national origin),"[2] "Age Discrimination in Employment Act of 1967[("ADEA")], as codified, 29 U.S.C. §§ 621 to 634," "Americans with Disabilities Act of 1990 [("ADA")], as codified, 42 U.S.C. §§ 12112 to 12117," and "Other federal law."[3] *Id.* at 3.[4] In Part II of the Complaint, which requests Plaintiff to "[w]rite a short plan statement of the claim," Plaintiff selected the boxes marked "Failure to hire me," "Failure to promote me," "Failure to accommodate my disability," and "Other Acts," specifying "forced exile; religious despoty" (sic) in the line beside the box. *Id.* at 4. The Complaint contains several pages not written in the English language. *Id.* at 7-15. However, what the court discerns from pages 18 to 21 is that on October 14, 2019, Plaintiff claims he was "expelled . . . illegally and arbitrarily" from the Ministry to the Homeless program administered by Defendant allegedly because of his disability and that Defendant's actions were "motivated . . . on racial and religious grounds." *Id.* at 19-21.

On November 27, 2019, the Defendant filed a Motion to Dismiss Complaint, along with a supporting memorandum and declaration. *See* ECF Nos. 12-14. The Defendant asked this court to dismiss the Plaintiff's Complaint for lack of federal subject matter jurisdiction and for failure to state a plausible claim for relief.

On January 9, 2020, the court issued an Order directing the Plaintiff to file a response to the Motion to Dismiss no later than January 24, 2020.[5] *See* Order, ECF No. 17.

In lieu of filing a response to the motion as ordered, on January 23, 2020, Plaintiff filed an

---

[2] The Complaint had the words "national origin" underlined. *See* Compl. at 3, ECF No. 1.

[3] In the blank line beside this box, Plaintiff wrote "International law, Universal Declaration of Human Rights and other."

[4] Because the Plaintiff's Complaint and Amended Complaint are not consecutively paginated, citations to these documents will reference the page numbers assigned by the electronic case filing system.

[5] Counsel for Defendant filed a Certificate of Service on November 29, 2019, certifying that the filed documents were served on the Plaintiff on November 27, 2019, by first class mail sent to his address as provided to the Clerk of Court. *See* ECF No. 15. Plaintiff had not filed a timely response to the motion as required by CVLR 7(f).

Amended Complaint, this time using Pro Se 1 Complaint for a Civil Case form. *See* ECF No. 18. With regard to the basis for jurisdiction, Plaintiff marked the boxes labeled "Federal question" and "Diversity of citizenship." *Id.* at 3. Plaintiff then listed the following when asked to specify the federal statutes, treaties or constitutional provisions at issue in this case: "US Constitution, mostly Article 3[;] Bill of Rights, mostly Article 1[;] The Civil Rights Act of 1964, 42 U.S.C. § 2000a[;] Americans with Disability Act[("ADA"); and] 28 U.S. Code § 1343; 42 U.S. Code § 1983." *Id.* As for the basis of diversity jurisdiction, Plaintiff indicated he was a citizen of the "Russian Federation" and Defendant is a citizen of "Guam" and he sought $500,000 for his claims. *Id.* at 3-4. Among various assertions, the Amended Complaint alleges that "the organization [is] providing services for taking a shower,[but] the shower was not equipped with the requirements of the ADA act." *Id.* at 7. Plaintiff claims Doris Royal said Defendant was exempt from complying with the ADA. *Id.* Plaintiff contends Defendant refused to allow him to participate in the "shower program" and was "expelled from the organization" because of his disability. *Id.* at 10-11. The Plaintiff asserts that "[i]nstead of expelling [him]," Plaintiff expected Defendant "to make the necessary changes for [his] access." *Id.* at 13.[6]

Aside from the Amended Complaint, on January 23, 2020, the Plaintiff also filed the following motions: (1) Motion on Re-Calling the Representatives of the Defendant, (2) Motion to Set Trial Date and (3) Motion Regarding Jurisdictional Grounds. *See* ECF Nos. 20-22. Defendant filed an Opposition to these motions on January 31, 2020. *See* ECF No. 24.

Additionally, on January 31, 2020, the Defendant filed a Motion to Strike and Dismiss Plaintiff's Purported Amended Complaint (the "Motion to Strike and Dismiss Amended Complaint"), along with a supporting memorandum. *See* ECF Nos. 25-26. The Defendant asked this court to strike the Amended Complaint because Plaintiff failed to get obtain leave of court prior to filing the Amended Complaint, and also asked the court to dismiss said pleading on the basis that

---

[6] As noted by the Defendant, the remaining pages of the Amended Complaint (pages 14-45) largely contain legal buzzwords and concepts, interspersed with various provisions of the ADA and other federal statutes, followed by photographs or screens shots with no explanation of their relevance. Def.'s Mem. Supp. Mot. Strike and Dismiss Am. Compl. at 2-3, ECF No. 26.

the Amended Complaint failed to set forth a short and plain statement of the claim and relief requested. Finally, the Defendant requested that the court deny the Plaintiff leave to file another amended complaint because amendment would be futile.

On February 24, 2020, the Plaintiff filed a "Memorandum in Support of Amended [C]omplaint", which the court will construe as the Plaintiff's Opposition to the Motion to Strike and Dismiss Amended Complaint. *See* Opp'n, ECF No. 28.

On February 28, 2020, the Defendant filed a Reply to the Plaintiff's Opposition. *See* ECF No. 29.

On March 11, 2020, the Plaintiff filed a Motion to Strike the Defendant's Reply, along with a supporting memorandum. *See* ECF Nos. 31-32. Defendant filed a response to said motion on March 17, 2020, with the Plaintiff filing a reply thereto on May 4, 2020. *See* ECF Nos. 33-34.

## LEGAL STANDARDS

Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint." *Id.* In a facial attack, the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992). A factual attack, on the other hand, is often referred to as a "speaking motion" and challenges the truth of the allegations in the complaint that give rise to federal jurisdiction and the court does not presume those factual allegations to be true. *Thornhill Pub. Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When ruling on such a motion, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

1  jurisdiction. *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988).

2      Defendant also moves to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. A defendant is entitled to dismissal under Rule 12(b)(6) when a complaint fails to state a cognizable legal theory or alleges insufficient facts under a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). The Ninth Circuit has explained that the purpose of a Rule 12(b)(6) motion is to test a complaint's legal sufficiency. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 571 (9th Cir. 1963). Generally, the plaintiff's burden at this stage is light since Rule 8(a) requires only that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). The court may dismiss based on lack of cognizable legal theory or on the absence of facts that would support a cognizable theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). And, while the plaintiff's burden is light, it is not nonexistent – the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The court must "draw on its judicial experience and common sense" to determine the plausibility of a claim given the specific context of each case. *Id.* at 679.

3      Finally, the Defendant moves to strike the Amended Complaint since Plaintiff failed to first seek leave to amend and also moves to dismiss the Amended Complaint because it fails to meet the requirements of Rule 8 and because amendment would be futile. When dismissing a complaint, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

The court has an obligation, especially in civil rights actions, to construe *pro se* pleadings liberally and gives the *pro se* plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th cir. 1985); *see also Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014). However, the court's liberal interpretation of a *pro se* complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Generally, if a court dismisses a pro se complaint it should "grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## DISCUSSION

1. <u>Defendant's Motion to Dismiss Complaint (ECF No. 12)</u> and
    <u>Plaintiff's Motion Regarding Jurisdictional Grounds (ECF No. 22)</u>

Before addressing the merits of the Defendant's Motion to Dismiss Complaint, the court will address the Plaintiff's Motion Regarding Jurisdictional Grounds. *See* ECF No. 22. In said motion, the Plaintiff requests the court to "cancel the previous form pro se n-7 (10/21/2019)." *Id.* The court construes this request to mean that the Plaintiff no longer wishes to proceed with his original Complaint filed on October 21, 2019, and instead wishes to proceed with the Amended Complaint he subsequently filed. If the court were to grant said request, then Defendant's Motion to Dismiss Complaint would be moot.

Rule 7 of the Federal Rules of Civil Procedure require that a motion "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Additionally CVLR 7 of the court's Local Rules of Practice states that "[e]ach motion . . . shall be accompanied by a memorandum of points and authorities[.]" CVLR 7(b). Here, the Plaintiff's motion to "cancel" the original Complaint fails to provide any legal basis or authority for his request, and thus, the court denies the Plaintiff's Motion Regarding Jurisdictional Grounds.[7]

While the Defendant's motion raises both a facial and factual attack against the Complaint,

---

[7] The court believes it is important to address the merits of the Defendant's Motion to Dismiss Complaint so that the Plaintiff is aware that he is not permitted to raise similar claims against the Defendant in any future filing unless he can satisfy the essential element of such claims.

the court believes it need only address the factual attack argument. With regard to the Plaintiff's claims asserting employment discrimination – whether under Title VII, ADEA or the ADA – the Defendant argues that the Plaintiff lacks standing to pursue such claims because there is no employment relationship between the Plaintiff and the Defendant. According to the declaration in support of the Motion to Dismiss Complaint, "Plaintiff has never been an employee of Kamalen Karidat" nor has Plaintiff ever "applied for employment at Kamalen Karidat." Decl. Doris Royal at ¶¶4-5, ECF No. 14. Plaintiff has not refuted these statements from the Defendant's Program Director.

The court agrees that the Plaintiff has failed to properly state federal employment discrimination claims because he was never an employee of the Defendant, nor did he ever apply for employment with the Defendant. *See Walters v. Metro Educ. Enter., Inc.*, 519 U.S. 202, 205 (1997) (Title VII liability attaches only where the statutory definition of employer is met); *see also Miller v. Maxwell Int'l*, 991 F.2d 583, 587-88 (9th Cir. 1993) ("The liability schemes under Title VII and the ADEA are essentially the same in aspects relevant to this issue; they both limit civil liability to the employer."); *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir.1980) ("there must be some connection with an employment relationship for Title VII protections to apply"); *Milsap v. U-Haul Truck Rental Co.,* No. CIV 06-0209 PHX RCB, 2006 WL 3797731, at *9 (D. Ariz. Dec. 20, 2006) (a critical element of a claim under Title I of the ADA is the existence of an employee-employer relationship). Based on Plaintiff's allegations in the Complaint, he was merely an individual seeking to utilize the services of the Defendant. There never was an employment relationship between the Plaintiff and the Defendant. Accordingly, the court grants the Defendant's motion to dismiss the Plaintiff's Complaint for Employment Discrimination.

2. <u>Defendant's Motion to Strike and Dismiss Amended Complaint (ECF No. 25)</u>

Defendant next seeks to strike the Amended Complaint because Plaintiff failed to obtain leave of court prior to filing the Amended Complaint. Pursuant to Rule 15(a)(1), a party may amend its complaint once as a matter of course within 21 days after serving it or within 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1). Otherwise, the Plaintiff can only amend his Complaint with the Defendant's written consent or with leave of court. Fed. R. Civ. P. 15(a)(2).

Here, the Defendant's Motion to Dismiss Complaint was served by U.S. mail on the Plaintiff on November 27, 2019. *See* Cert. of Service, ECF No. 15. The Plaintiff's Amended Complaint was filed on January 23, 2020, almost two months after it's service. Plaintiff did not file a motion seeking the court's permission to amend his Complaint to cure any deficiencies. Nevertheless, the court notes that the rules state that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Plaintiff is proceeding *pro se*, and the court would have granted him leave to amend if he sought it, since the court's preference is "to facilitate decisions on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Accordingly, the court denies the Motion to Strike.

The Defendant also asks the court to dismiss the Amended Complaint, asserting that it fails to set forth a short and plain statement of his claims and the relief requested and that leave to amend should be denied because further amendment would be futile.

Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its " 'true substance, if any, is well disguised' " may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir.2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir.1969)).

The court has reviewed the Amended Complaint and finds that it does not meet the requirements of Rule 8. The Amended Complaint consists of the five pages of the Pro Se 1 form, 30 pages of a "Memorandum in [S]upport of [J]urisdictional, [J]uridical and [F]actual [G]rounds of [C]omplaint" (the "Amended Complaint's Memorandum") and 10 pages of various photographs or screen shots. Aside from the five pages of the Pro Se 1 form, the allegations in the Amended Complaint's Memorandum are mostly unorganized and sets forth a long, confusing narrative largely containing legal buzzwords and concepts, jumbled with various provisions of the ADA and other federal statutes. The court cannot simply strike the Amended Complaint's Memorandum, because the remaining factual allegations in the five-page Pro Se 1 form does not set forth sufficient facts to support any of the purported claims asserted therein. The Amended Complaint's Memorandum bundles all his allegations without attempting to separately set forth the facts supporting each alleged

violation or claim, making it nearly impossible for the Defendant to craft an answer to the confusing claims of his pleading. This sort of disorganized, disjointed and ambiguous pleading does not satisfy the requirements of Rule 8. In summary, the Amended Complaint must be dismissed for failure to comply with Rule 8. *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (under Rule 8, the court may dismiss confused, ambiguous and unintelligible pleading).

The Defendant requests that in dismissing the Amended Complaint, the court deny the Plaintiff leave to file a further amended pleading because amendment would be futile. As noted above, the court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

The court finds that dismissal without leave to amend is not warranted at this stage of the proceedings. The court notes that the Plaintiff filed his Amended Complaint without the benefit of the court's ruling herein describing what is required of him. Except for the ADA claim asserted by the Plaintiff, it is not clear that amendment would be futile. Based on what the court can discern from the Amended Complaint, the Plaintiff claims that the Defendant violated the ADA, specifically 42 U.S.C. § 12182,[8] which prohibits discrimination on the basis of disability by public accommodations. *See* Am. Compl. at 17-21, ECF No. 18. As the Defendant notes, however, the ADA specifically provides that [t]he provision of . . . subchapter [III] shall not apply . . . to religious organization or entities controlled by religious organizations, including places of worship." 42 U.S.C. § 12187. In this case, the screen shots appended to the Amended Complaint indicate that the Defendant is an arm of the Archdiocese of Agana, which operates the Defendant as a "Ministry to the Homeless." *See* Am. Compl. at 42-44, ECF No. 18. Accordingly, the court holds that Section 12187 precludes the Plaintiff from bringing another ADA claim against the Defendant.

Accordingly, the court dismisses the Amended Complaint with leave to amend except as to the ADA claim, which the court finds is futile. If the Plaintiff chooses to file a second amended

---

[8] Section 12182 falls under Subchapter III of the ADA.

complaint, the Plaintiff must write *short, plain statements* telling the court (1) what *specific* constitutional right or statutory right Plaintiff believes was violated,[9] (2) the name of the individual or entity who violated that right, (3) exactly what that defendant did or failed to do, (4) how the defendant's action or inaction is connected to the violation of the Plaintiff's right(s), and (5) what specific injury did the Plaintiff suffer because of the defendant's action or inaction. The Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the Complaint or Amended Complaint by reference. The Plaintiff may include only one claim per count. Any cause of action not raised in the second amended complaint is waived. Finally, the court gives the Plaintiff 30 days from the filing of this Order to file the second amended complaint and warns him that failure to file the second amended complaint by the deadline may result in the dismissal of the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### 3. Plaintiff's Remaining Motions

Finally, the court will address the Plaintiff's remaining motions. Plaintiff's "Motion on Re-Calling the Representatives of the Defendant" appears to request that the representatives[10] of the Defendant appear for trial since their testimony will be relevant. *See* ECF No. 20. Plaintiff also filed a motion requesting that the court "set a trial date in expedited mode." Motion on Setting a Trial Date, ECF No. 21. Since the court has dismissed both the Complaint and Amended Complaint, the court hereby denies the Plaintiff's motions as moot, subject to their re-filing in the event the Plaintiff filed a second amended complaint.

Additionally, the Plaintiff filed a Motion to Strike the Defendant's filing on "02/28/2020,"

---

[9] For example, when asked to list the *specific* federal statutes or provisions of the Constitution that are at issue, the Plaintiff's Amended Complaint stated "US Constitution, mostly Article 3 [and] the Bill of Rights, mostly, Article 1." This is too vague and not specific enough. The Plaintiff must specify which *specific* provision of the Constitution, which *specific passage* of Article 3, and which *particular provision* the Bill of Rights or Article 1 are at issue. Generally referring to these statutes is insufficient to put the Defendant on notice of how to defend against the claim alleged.

[10] The Plaintiff identifies these representatives as "Mike Crisostomo, executive director, Doris Royal, program director, [and] Gilbert, employee." *See* ECF No. 20.

which is the Reply brief with regard to the Defendant's Motion to Strike and Dismiss Amended Complaint. The Memorandum in support of the Plaintiff's Motion to Strike does not provide any grounds for striking the Defendant's Reply. *See* ECF No. 32. Instead, as noted in the Defendant's Opposition, the Memorandum appears to be a response to the Defendant's Reply in support of its Motion to Dismiss. *See* Def.'s Opp'n at 2, ECF No. 33. The court concurs that the Plaintiff's Motion to Strike is more akin to a sur-reply, and the Plaintiff did not seek leave to file a supplemental brief. *See* CVLR 7(h) ("No further or supplemental brief shall be filed without leave of Court."). Accordingly, the court denies the Motion to Strike and will not consider the supplemental arguments raised in the Plaintiff's Memorandum (ECF No. 32).

## CONCLUSION

Based on the above discussion, the court rules as following on the pending motions:

- Defendant's Motion to Dismiss Complaint (ECF No. 12) - the court GRANTS the motion to dismiss the Complaint for Employment Discrimination pursuant to Rule 12(b)(1) because there is no employment relationship between the Plaintiff and the Defendant;

- Plaintiff's Motion on Re-Calling the Representatives of the Defendant (ECF No. 20) - the court DENIES the motion as moot;

- Plaintiff's Motion on Setting a Trial Date (ECF No. 21) - the court DENIES the motion as moot;

- Plaintiff's Motion Regarding Jurisdictional Grounds (ECF No. 22) - the court DENIES the motion;

- Defendant's Motion to Strike and Dismiss Plaintiff's Purported Amended Complaint (ECF No. 25) - The court DENIES the Motion to Strike but GRANTS the Motion to Dismiss Amended Complaint, and grants the Plaintiff one last opportunity to file a second amended complaint no later than 30 days from the filing of this Order; and

- Plaintiff's Motion to Strike Defendant's [Reply] (ECF No. 31) - the court DENIES the motion.

IT IS SO ORDERED.

**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Sep 29, 2020**