THE DISTRICT COURT OF GUAM

| | |
|---|---|
| FEDOR SIMANOV, | CIVIL CASE NO. 19-00143 |
| Plaintiff, | |
| vs. | **ORDER RE MOTION TO DISMISS** |
| KAMALEN KARIDAT, | |
| Defendant. | |

Before the court is Defendant Kamalen Karidat's Motion to Dismiss Plaintiff's Second Amended Complaint. Mot., ECF No. 43. For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

### I. Procedural Background

Plaintiff Fedor Simanov, who is proceeding *pro se*, initiated this action by filing a Complaint for Employment Discrimination ("Original Complaint") on October 21, 2019. ECF No. 1.

On November 27, 2019, Defendant filed a Motion to Dismiss the Original Complaint for lack of federal subject matter jurisdiction and failure to state a plausible claim for relief. *See* ECF Nos. 12-14. On January 9, 2020, the court issued an Order directing Plaintiff to file a response to the Motion to Dismiss by January 24, 2020. *See* Order, ECF No. 17.

Instead of filing a response, Plaintiff submitted several motions and an Amended Complaint.[1] *See* ECF No. 18, 20-22. In response, on January 31, 2020, Defendant filed an Opposition and a Motion to Strike and Dismiss Plaintiff's Purported Amended Complaint. *See* ECF No. 24-26.

After additional motions, replies, and oppositions were filed between Plaintiff and Defendant, *see* ECF Nos. 28-29, 31-34, the court issued an omnibus order addressing the motions on September 29, 2002.[2] ECF No. 35. Pertinent here, the court granted Defendant's Motion to Dismiss Amended Complaint, and granted "the Plaintiff one last opportunity to file a second amended complaint no later than 30 days" from the date of the order. *Id.* at 11:23-25. The court instructed that any second amended complaint must include:

> short, plain statements telling the court (1) what specific constitutional right or statutory right Plaintiff believes was violated, (2) the name of the individual 9 or entity who violated that right, (3) exactly what that defendant did or failed to do, (4) how the defendant's action or inaction is connected to the violation of the Plaintiff's right(s), and (5) what specific injury did the Plaintiff suffer because of the defendant's action or inaction.

*Id*. at 10:1-5.

On October 21, 2020, Plaintiff filed his Second Amended Complaint along with a Memorandum in Support of the Second Amendment Complaint ("Memorandum") and a Declaration in Support of the Second Amended Complaint ("Declaration"). ECF Nos. 38-40. Plaintiff also filed a Motion on Attracting Attorney General's Response, which was denied two

---

[1] Motion on Re-Calling the Representatives of the Defendant ECF No. 20, Motion to Set Trial Date ECF No. 21, Motion Regarding Jurisdictional Grounds ECF No. 22.

[2] The court:
- granted Defendant's Motion to Dismiss Complaint, ECF No. 12;
- denied Plaintiff's Motion on Re-Calling the Representatives of the Defendant, ECF No. 20;
- denied Plaintiff's Motion on Setting a Trial Date, ECF No. 21;
- denied Plaintiff's Motion Regarding Jurisdictional Grounds, ECF No. 22;
- denied Defendant's Motion to Strike but granted Defendant's Dismiss Plaintiff's Purported Amended Complaint
  (the "Motion to Strike and Dismiss Amended Complaint"), ECF No. 25; and
- denied Plaintiff's Motion to Strike Defendant's [Reply], ECF No. 31.

days later on October 23, 2020. ECF Nos. 41-42.

On November 2, 2020, Defendant submitted a Motion to Dismiss and a supporting Memorandum. ECF Nos. 43-44. On December 4, 2020, Defendant filed a Second Memorandum in support of his Motion to Dismiss. ECF No. 45. That same day Plaintiff filed a Response to Defendant's Motion to Dismiss, with the Defendant filing a reply thereto on December 7, 2020. ECF Nos. 46-47.

**II.     Discussion**

    **a.  Legal Standard**

In filing a complaint, the burden is on the Plaintiff to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Furthermore, "each allegation must be simple, concise, and direct." *Id*. at 8(d)(1). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a). *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). Prior to dismissing a pleading under rule 41(b) with prejudice, the district court should first adopt other less drastic alternatives." *Id.* at 674 (quoting *Industrial Building Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1339 (9th Cir. 1970)) (listing amended complaints and additional time as less drastic alternatives). Furthermore, the court can deny leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

In *pro se* pleadings, the court provides some flexibility in ensuring the fulfillment of procedural requirements. The court "has a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements… Thus, for example, *pro se* pleadings are liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1988) (citations omitted). However, "this leniency does not give a court license to serve as de facto counsel for a party… or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted), overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### b. Motion to Dismiss

Defendant moves to dismiss the Second Amended Complaint pursuant to Rule 8 and 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF Nos. 43-44. The court will construe Plaintiff's *pro se* pleadings liberally and consider the Second Amended Complaint (ECF No. 38), Memorandum in Support of Second Amended Complaint (ECF No. 39), Declaration in Support of Second Amended Complaint (ECF No. 40), and Second Memorandum in Support of Second Amended Complaint (ECF No. 45), together in determining whether the pleadings fulfill the requirements of Rule 8.

Rule 8 requires pleadings to include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is "so verbose, confused and redundant that its true substance, if any, is well disguised" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)). The pleading standard established by Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

The court finds that the pleadings fail to satisfy the Rule 8 requirements. The Second Amended Complaint is a two-page document organized into five sections, per the court's

instructions[3], that lists statements but lacks applicable facts. ECF No. 38. For example, under the third heading "exactly what that defendant did or failed to do," Plaintiff lists conclusory statements such as "Mike Cristosomo shall not deny and attempt to withhold and deny; deprive or attempt to deprive any person of any right or privilege 42 U.S. §2000a – 2 (a)." *Id*. However, there are no facts that indicate how Cristosomo deprived the Plaintiff of his rights under 42 U.S. §2000a – 2(a). These conclusory allegations, void of facts supporting a "short and plain statement of the claim," comprise the Second Amended Complaint.

      The Declaration is a two-page statement that provides facts regarding the controversy giving rise to Plaintiff's claims. ECF No. 40. When liberally construed in conjunction with Plaintiff's current and previously dismissed pleadings, the court understands the allegations as follows. On September 28, 2019, Plaintiff wanted to use the shower services at a "charitable organization," which, based on Plaintiff's Original Complaint, seems to be the Archdiocese of Agana, Ministry to the Homeless. *See* ECF Nos. 1, 40. However, he was denied access to the facilities on September 28, 2019 and in early October 2019. ECF No. 40. On October 13, 2019, Plaintiff returned to use the shower facilities without permission. *Id*. The next day, Plaintiff was denied entry to the premises due to his unauthorized use of the shower. *Id*. Conflict ensued, involving the Plaintiff, staff, visitors, and police. *Id*. Plaintiff claims that this experience brought him "emotional trauma" and provoked "segregation, discrimination, incitement to hatred and the use of violence against people on the basis of disability and origin". *Id*.

      The Memorandum and the Second Memorandum purport to establish simple and concise claims. ECF Nos. 39, 45. Plaintiff states that Defendants "provoked conflict," "incited racial hatred", and segregated "on the ground of race" without providing specific facts to support these

---

[3] "(1) what specific constitutional right or statutory right Plaintiff believes was violated, (2) the name of the individual 9 or entity who violated that right, (3) exactly what that defendant did or failed to do, (4) how the defendant's action or inaction is connected to the violation of the Plaintiff's right(s), and (5) what specific injury did the Plaintiff suffer because of the defendant's action or inaction." ECF No. 35.

claims. ECF No. 39. Furthermore, Plaintiff reasserted ADA violations and disability discrimination despite the court's previous dismissal of Plaintiff's ADA claims because of an exemption for entities controlled by religious organizations. *See* ECF Nos. 1, 35 9:14-20. The Second Memorandum is a one-page document enumerating seven statements: statements one through five are claims against defendant's employees, statement six states that "under pressure and threat of physical violence, the plaintiff was expelled from the organization," and the final statement claims that Defendant "is obliged to bear the expenses." ECF No. 45.

The court recognizes the difficulty for *pro se* litigants to navigate legal procedure and explicitly laid out five elements required to proceed on a complaint. *See* ECF No. 35. While Plaintiff attempts to discuss each of these elements, the pleadings still fall short of "simple, concise, and direct." The Second Amended Complaint merely references citations to statutes without any supportive facts. As a result, the Second Amended Complaint, alone, is insufficient.

But even when construing the pleadings liberally to include the Declaration and two Memoranda, the court is unable to piece together a cognizable claim. The Declaration and Memoranda provide an array of facts, but it is impossible to determine which facts support which claims due to their disorganization and lack of clarity. The Memorandum contains some allegations, but its narrative is confusing and hard to follow. Meanwhile, the Second Memorandum sets out seven purported claims that although simple, are vague and lack context. The court relies on the Declaration and Memorandum for facts, but even then, the pleadings are confusing and verbose. Despite being liberally construed, the pleadings are so difficult to comprehend that their "true substance, if any, is well disguised." *Hearns*, 530 F.3d at 1131.

While Plaintiff does allege which specific rights were violated[4] and the individuals

---

[4] 1st and 14th Amendment of the U.S. Constitution, 42 U.S.C §§ 2000a and 2000a(a), and 18 U.S.C § 242. ECF. No. 38.

allegedly responsible for those violations,[5] Plaintiff fails to explain what exactly the Defendant did (or failed to do) and how those actions violated the Plaintiff's rights and caused injury.

Plaintiff lists accusations concerning employees Mike Cristosomo, Doris Royal, and Gilbert but fails to allege actions against Defendant. Construed liberally, the court assumes that Plaintiff intends to hold Defendant vicariously liable for the actions of Cristosomo, Royal, and Gilbert under the doctrine of respondeat superior. Even if Plaintiff alleged respondeat superior liability, which he did not do, the pleadings still would not support a coherent claim. For example, Plaintiff alleges that "Mr. Cristosomo refused on the basis of disability in Plaintiffs equal participation." ECF No. 45. Plaintiff fails to articulate clear and simple claims as to what and how Cristosomo violated the Plaintiff. Ambiguity concerning the employees' purported violations is consistent throughout the pleadings.

Even if the court could surmise the specific violations committed by the employees, it remains unclear how the employees' purported actions caused Defendant to violate Plaintiff's rights and directly caused Plaintiff injury. Plaintiff claimed that he suffered "psychological, emotional trauma due to repeated victimization… suicidal depression… several months of hunger, other neuropsychiatric disorders." ECF No. 38. The court cannot decipher which and to what extent these injuries are directly a result of Defendant's purported actions. As a result, Plaintiff's claims fail to show that he is entitled to relief under Rule 8(a)(2).

The court therefore dismisses the Second Amended Complaint for failure to comply with Rule 8. *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (under Rule 8, the court may dismiss confused, ambiguous and unintelligible pleading).

### c. Leave to Amend

---

[5] Kamalen Karidat, Mike Cristomo, Doris Royal, employee Gilbert. *Id.*

Defendant requests dismissal with prejudice, arguing that any amendment would be futile. ECF Nos. 43, 47. The court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting *Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149*, 1160 (9th Cir. 1989)). Furthermore, the court should deny leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127.

The court finds that granting an additional leave to amend would be futile. In its previous order dismissing the Amended complaint, the court granted leave to amend and expressly stated what was required of Plaintiff. ECF No. 35. Plaintiff attempted to follow the court's instructions, numbering the content within the Second Amended Complaint in accordance with the requirements numbered in the Order. ECF No. 38. However, as explained above, Plaintiff was unsuccessful.

The court not only gave Plaintiff an opportunity to amend his Complaint, but also provided Plaintiff extra guidance and time in doing so. The court granted Plaintiff thirty days to file a Second Amended Complaint and explicitly laid out the necessary five elements. *See* ECF No. 35 10:1-12; *compare with* Fed. R. Civ. P. 15(a)(1) (allowing amendments within only 21 days of service). In addition, the court has considered Plaintiff's pleadings liberally, in not only considering the Second Amended Complaint, but also Plaintiff's next four submissions to the court. ECF Nos. 38-40, 45. Accordingly, the court denies Plaintiff's leave to amend and dismisses the Second Amended Complaint with prejudice.

### III. Conclusion

For the foregoing reasons, the court **GRANTS** Defendant's Motion and **ORDERS** dismissal of Plaintiff's Second Amended Complaint with prejudice.

**SO ORDERED.**

/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Mar 25, 2022